IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| ALTOVESE WILLIAMS, individually, and as Administrator of the Estate of Marquis Jones, and as next of Friend for Minors B.B.D., M.R.J., P.D.J., M.R.J. II, and M.R.H.,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF BURLINGTON, CHRIS CHIPREZ, JOSHUA RIFFEL, JOHN DOE 1 AND JOHN DOE 2,<br><br>Defendants. | Civil No. 3:19-cv-43<br><br><br>**DEFENDANTS ADDITIONAL BRIEF IN SUPPORT OF THEIR RESISTANCE TO PLAINTIFFS' CHALLENGE OF CONFIDENTIAL DESIGNATIONS** |

**COME NOW** the Defendants, City of Burlington, Officer Chris Chiprez ("Officer Chiprez"), Officer Joshua Riffel ("Officer Riffel"), John Doe 1, and John Doe 2 by and through their attorneys, Betty, Neuman & McMahon, P.L.C., and pursuant to the Court's Order for Additional Briefing (Docket #52) state as follows:

1. **Plaintiffs Do Not Have A First Amendment Right To Disclose Confidential Discovery Information Obtained Through The Court Process And The Issue Before This Court Is Factually-Distinguishable From That Presented In** *Gentile v. State Bar of Nevada***, 501 U.S. 1030 (1991).**

Defendants are not requesting that the Court enter a "gag order" or completely restrain Plaintiffs from discussing this case or their expert's general opinions with the public. Defendants also are not contending that the entirety of Plaintiffs' expert report should be barred from dissemination to third parties. Defendants are asking the Court to prohibit Plaintiffs from disseminating specific references and recitations of confidential discovery (i.e. peace officer

1

investigative reports) obtained through the court process to third-parties who otherwise do not have access or right to such information.

In *Gentile* the Supreme Court examined the interplay between First Amendment free speech rights and the State of Nevada's Supreme Court Rule 177 (identical to the American Bar Association's Model Rule of Professional Conduct 3.6). *Id.* at 1033. The attorney was reprimanded by the Nevada disciplinary board for statements he made during a press conference hours after his client was indicted on criminal charges. *Id*. The disciplinary action against the attorney was further upheld by the Nevada Supreme Court and the attorney appealed to the United States Supreme Court. *Id*.

The professional conduct rule at issue in *Gentile* is similar to that of Iowa Rule of Professional Conduct 32:3.6. In relevant part, the rule prohibits an attorney from making extrajudicial statements the:

> lawyer knows or reasonably should know will be disseminated by means of public communication and will have a substantial likelihood of materially prejudicing an adjudicative proceeding in the matter.

*See* Iowa R. Prof. Con. 32:3.6.

The *Gentile* Court held there was no evidence supporting the Nevada courts' conclusion the attorney's speech presented a substantial likelihood of material prejudice against the adverse party, the State. *Id.* at 1039. One of the attorney's purposes for the press conference was to respond to ongoing statements released by the adverse party, State prosecutors and law enforcement officials, being reported in the press tending to indicate the accused's guilt. *Id.* at 1046. The attorney's press conference in *Gentile* was primarily to quell pretrial publicity made by his client's adversaries, not to litigate his client's case to the public.

One important underpinning for the *Gentile* Court's holding was that the content of the attorney's press conference came from already-published materials and information, or reasonable inferences from such information, and therefore could not cause prejudice. *See id*. ("Much of the information provided by [Gentile] had been published in one form or another, obviating any potential for prejudice."). The attorney further was not alleged to have misused any information he gained through special access as an attorney. *Id*. at 1053. Rather, the information the attorney presented in the press conference "was included by explicit reference or fair inference in earlier press reports" and he "could not have learned what he revealed in the press conference to the discovery process or other special access afforded to attorneys…" *Id*. at 1052-53. The *Gentile* Court further found that the attorney's speech was so innocuous in substance that it "is a poor vehicle for defining with precision the outer limits under the Constitution of a court's ability to regulate an attorney's statements about ongoing adjudicative proceedings." Id. at 1057.

The *Gentile* Court hinted, however, that a different scenario and result may arise if an attorney publicly comments as to information obtained solely through the judicial process, such as "material gained through discovery." *Id*. at 1052. The *Gentile* Court noted its prior case precedent upholding federal court "restrictions upon the release of information gained 'only by virtue of the court's discovery process.' " *Id*. (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 91 (1990)).

In *Seattle Times* the Supreme Court held that a federal court can restrict, through a protective order, dissemination of information obtained through the court's discovery process. *See e.g. Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1990). The Seattle Times Court noted "[a] litigant has no First Amendment right of access to information made available only for purposes

3

of trying his suit" and a court's protective order preventing dissemination of that information does not raise the same type of governmental censorship at issue in other First Amendment contexts. *Id.* at 33. But the reach of the protective order can only go as far as information obtained only through the discovery process, and does not apply to identical information obtained through independent means. *Id.* at 34. The doctrine/rule identified in *Seattle Times* applies not only to the attorney obtaining the discovery information, but also as to the attorney's client in the proceeding. *See Gentile*, 501 U.S. at 1052.

The issue before this Court has more similarities with *Seattle Times* than *Gentile*. Plaintiffs are not seeking to make generalized, innocuous statements about this case to the public or to re-release information already publicly available. Plaintiffs also are not responding to any recent press conferences or public statements made by Defendants regarding this case.

Unlike the attorney in *Gentile*, Plaintiffs are seeking to use their litigation expert's report to indirectly and publicly release confidential information obtained by them because of their special status as a litigant to this proceeding. The information at issue was obtained by Plaintiffs through the Court's discovery process and pursuant to a protective order previously issued by this Court. This information is not available to third-parties through any independent source outside this litigation. Plaintiffs do not have a First Amendment right or privilege to disseminate this type of information to third parties, nor will the Court infringe upon the Plaintiffs' First Amendment through prohibiting third-party dissemination of such information outside the litigation. *See Seattle Times*, 467 U.S. at 33. Plaintiffs are attempting to do an "end-around" the Court's prior protective order by having an expert recite confidentially-obtained information in a report and then releasing that report to the public. This undermines the purpose of the protective order and should not be allowed.

4

Whether any or all purported evidence cited/referenced in Plaintiffs' expert's report will be admitted at trial is unknowable at this stage of the proceeding. But impartiality of jurors can be best ensured when they learn about the intricacies of the case based upon the evidence admitted in trial, not upon information disseminated outside of it.

**WHEREFORE** Defendants request the Court DENY Plaintiffs' motion challenging the confidential designations of peace officer investigative reports. Defendants further request the Court enter an order prohibiting Plaintiffs from attempting to directly or indirectly release the contents of peace officer investigative reports through their retained litigation expert.

BETTY, NEUMAN & McMAHON, P.L.C.

By: */s/ Martha L. Shaff*
     Martha L. Shaff    #AT0007215

By: */s/ Brandon W. Lobberecht*
     Brandon W. Lobberecht #AT0011918

1900 East 54th Street
Davenport, IA 52807-2708
T: 563-326-4491
F: 563-326-4498
E: mls@bettylawfirm.com
   bwl@bettylawfirm.com

**ATTORNEYS FOR DEFENDANTS, CITY OF BURLINGTON, CHRIS CHIPREZ, JOSHUA RIFFEL, JOHN DOE 1, AND JOHN DOE 2**

**CERTIFICATE OF SERVICE FOR ELECTRONIC FILINGS**

I hereby certify that on May 29, 2020, I electronically filed the foregoing document with the Clerk of Court using the ECF system and a true copy of the foregoing was served either electronically or by U.S. First Class Mail upon the following:

David A. O'Brien
Dave O'Brien Law
1500 Center Street NE
Cedar Rapids, IA  52402
T: 319-861-3001
F: 319-861-3007
E: dave@daveobrienlaw.com

Andrew L. Mahoney
Crowley & Prill
3012 Division Street
Burlington, IA  52601
T: 319-753-1330
F: 319-752-3934
E: amahoney@cbp-lawyers.com

**ATTORNEYS FOR PLAINTIFF**

                                                              */s/ Martha L. Shaff*