IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| ALTOVESE WILLIAMS, individually, and as Administrator of the Estate of Marquis Jones, and as next of Friend for Minors B.B.D., M.R.J., Jr., P.D.J., M.R.J, III, and M.R.H., <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF BURLINGTON, IOWA, CHRIS CHIPREZ, JOSHUA RIFFEL, JOHN DOE 1, and JOHN DOE 2, <br><br> Defendants. | 3:19-cv-00043-SMR-HCA <br><br><br> ORDER DENYING PLAINTIFFS' MOTION TO DETERMINE SUFFICIENCY OF DEFENDANTS' RESPONSES TO REQUESTS TO ADMIT |

## I. INTRODUCTION

On June 13, 2020, Plaintiffs filed a Motion to Compel Discovery and to Determine the Sufficiency of Defendants' Responses to Requests to Admit [69]. Defendants filed a response on June 29, 2020 [73]. Plaintiffs did not file a reply. The Court considers the motion fully submitted on the briefing.

Since the filing of the Motion, Defendants provided a formal supplemental response to Request for Production No. 10. (Def. Response [73] ¶ 2); (Pl. Exhibit [73-2]). Plaintiffs do not dispute that the Motion with respect to Request for Production No. 10 is now moot. Thus, the Court will only address Defendants' responses to Plaintiffs' requests to admit in this Order.

## II. FACTUAL AND PROCEDURAL HISTORY

The Court has described the nature of the parties and claims involved in this lawsuit in multiple prior Orders. As a general matter, the lawsuit stems from Burlington Police Officer Chris Chiprez fatally shooting Marquis Jones during a foot chase, which ensued after Chiprez initiated

a traffic stop of Jones' vehicle. Plaintiffs assert claims under the United States Constitution, the Iowa Constitution and federal and Iowa statutes against Defendants.

Plaintiffs served Defendants with 24 requests for admissions ("RFAs") on April 4, 2020. (Pl. Mot. [69] ¶ 5). Primarily, the requests seek admissions on issues intended to demonstrate that Jones' possession of a firearm would not lead an objectively reasonable officer to believe that deadly force was necessary during the interaction between Jones and Chiprez.

Defendants responded to the requests on May 4, 2020. (Pl. Mot. [69] ¶ 6). Defendants have responded to each and every request with some answer. With that said, many of Defendants' answers to various requests are prefaced by objections, typically on relevancy grounds. In all, Defendants' responses to RFAs 1, 3, 5, 10-13, 15, 21, and 22-24 contain objections. In addition, while the answers provided by Defendants are generally in the forms of admissions and/or denials, some of Defendants' answers indicate that they are unable to admit or deny the request due to a lack of knowledge or information. Specifically, Defendants' answers to RFAs 16, 20, and 22-24 are of this nature.

### III. LEGAL STANDARD AND ANALYSIS

Plaintiffs now ask the Court to order Defendants to "serve responses to the requests for admission in compliance with the rules of discovery." (Pl. Mot. [69] at 2). Plaintiffs argue that Defendants' responses to RFAs 1, 3, 5, 10-13, 5, 21, and 22-24 contain invalid objections. (Pl. Mot [69] ¶ 6); (Pl. Brief [69-3] at 3, 5-6). Plaintiffs also contend that Defendants' answers to RFAs 16, 20, and 22-24 are improper because "Defendants cited 'lack of knowledge' for their failure to admit or deny those requests without conducting the required reasonable inquiry[.]" (*Id.* at 4).

Defendants assert that they have provided substantive answers and valid objections. *See* (Def. Brief [73-1] at 2-8). Defendants also argue that the Court should defer its final decision on

the challenged objections until a later date, because "[i]t is anticipated that there will be dispositive motions and other pre-trial motions that will affect the nature of the Plaintiffs' claims, and therefore also affect the admissibility and relevance of the requested admissions." (Def. Response [73] ¶ 3).

"The scope of discovery under [Federal Rule of Civil Procedure] 26(b) is extremely broad." *Gowan v. Mid Century Ins. Co.*, 309 F.R.D. 503, 508 (D.S.D. 2015). "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" FED. R. CIV. P. 26(b). "The reach of the rule is not bound by the rules of admissibility, as discovery is an investigatory tool intended to help litigants gain an understanding of the key persons, relationships, and evidence in a case." *CMI Roadbuilding, Inc. v. Iowa Parts, Inc.*, 322 F.R.D. 350, 355 (N.D. Iowa 2017) (cleaned up).

Federal Rule of Civil Procedure 36 allows a party to serve another party with written requests to admit "the truth of any matters within the scope of Rule 26(b)(1) relating to facts, the application of law to fact, or opinions about either[.]" FED. R. CIV. P. 36(a)(1)(a). "Properly used, requests to admit serve the expedient purpose of eliminating the necessity of proving essentially undisputed issues of fact. They are intended to save time and expense by narrowing the issues to be tried." *Tamas v. Family Video Movie Club, Inc.*, 301 F.R.D. 346, 347 (N.D. Ill. 2014) (omitting internal quotations).

The party served with the request to admit may respond by either answering the request or objecting. *See* FED. R. CIV. P. 36(a)(4)-(5). The party may answer by admitting, denying, or "stat[ing] in detail why the answering party cannot truthfully admit or deny the request." FED. R. CIV. P. 36(a)(4). As to this latter option, "[t]he answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made

reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." *Id.* If the party served with the request instead chooses to respond by objecting to the request, "[t]he grounds for objecting . . . must be stated." FED. R. CIV. P. 36(a)(5).

Once the requesting party receives a response, it "may move to determine the sufficiency of an answer or objection." FED. R. CIV. P. 36(a)(6). If the court finds that an answer is not in compliance with Rule 36, "the court may order either that the matter is admitted or that an amended answer be served." *Id.* Likewise, if the court finds that an objection fails to comply with Rule 36, "it must order that an answer be served." *Id.* With that in mind, "[t]he court may defer its final decision until a pretrial conference or a specified time before trial." *Id.*

Plaintiffs first argue that Defendants' responses to RFAs 3, 5, 10-13, 15, 21, and 22-24 contain invalid objections. (Pl Brief [69-3] at 3). Plaintiffs assert that all of the objections are invalid, but only specifically discuss why the objections to RFAs 3 and 5 are invalid. *See* (*Id.* at 5-6). Though Plaintiffs never explicitly ask the Court for any specific relief, the Court infers that Plaintiffs seek an order striking Defendants' objections, and further requiring Defendants to make assurances that the accompanying answers are complete and accurate. *See* (*Id.*) ("Plaintiff[s] will accept removal of the objection assuming the provided answer is complete and accurate. To date, the Defendants have not made this assurance.")

The Court does not find that the relief impliedly requested by Plaintiffs is warranted. Where a request for admission is met with both an objection and a substantive answer, there is no need to strike the objection. *See Keating v. Nordstrom, Inc.*, No. 3:17-CV-00030-SLG, 2019 WL 5445207, at *2 (D. Alaska Oct. 23, 2019). Indeed, Rule 36 is clear that the remedy for an improper objection is for the court to "*order that an answer be served*." FED. R. CIV. P. 36(a)(6) (emphasis added). Accordingly, where a party chooses to answer notwithstanding an objection, the answer is still

subject to the sufficiency standards set forth in Rule 36(a)(4) and accompanying advisory notes. *See Marti v. Baires*, No. 1:08-CV-00653-AWI, 2012 WL 2029720, at *16 (E.D. Cal. June 5, 2012) (noting that despite objections, the defendant answered and thus the plaintiff must accept the answers or seek sanctions under Rule 37).

The Court finds no basis to strike the objections to RFAs 3, 5, 10-13, 15, 21, and 22-24 or otherwise evaluate their validity at this time. The answers provided by Defendants notwithstanding the objections are subject to the substantive requirements set forth in Rule 36. Likewise, there is no reason to demand assurances from Defendants that their answers are "complete and accurate." If they are not, Defendants may be subject to potential sanctions. Beyond Defendants apparently not meeting Plaintiffs' demands with respect to RFA 5, there is nothing in the record to even suggest that Defendants are "us[ing] the objections as a basis to withhold information or responses." *Keating*, 2019 WL 5445207, at *2. Save for Defendants' answers to RFAs 22-24 wherein Defendants assert an inability to admit or deny the requests (which are addressed below), Plaintiffs fail to even challenge the sufficiency of the answers provided with the objections.

Plaintiffs next argue that Defendants' answers to RFAs 16, 20, and 22-24 are all insufficient because Defendants assert "'lack of knowledge' for their failure to admit or deny the request without conducting the reasonable inquiry" required by Rule 36(a)(4). (Pl. Brief [69-3] at 4). Implicit in Plaintiffs' arguments is that, had Defendants conducted a reasonable inquiry, they would be able to admit or deny the RFAs. *See* (*Id.* at 5).

Rule 36 "requires only that the answering party make reasonable inquiry and secure such knowledge and information as are readily obtainable by him." FED. R. CIV. P. 36 advisory committee notes. "In most instances, the investigation will be necessary either to his own case or in preparation for rebuttal. Even when it is not, the information may be close enough at hand to be

5

'readily obtainable.'" *Id.* Accordingly, as a general matter "a 'reasonable inquiry' is limited to review and inquiry of those persons and documents that are within the responding party's control." *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38, 43 (S.D.N.Y. 1997).

> Reasonable inquiry includes investigation and inquiry of any of defendant's officers, administrators, agents, employees, servants, enlisted or other personnel, who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response. In this connection, relevant documents and regulations must be reviewed as well.

*Id.* (quoting *Herrera v. Scully*, 143 F.R.D. 545, 548 (S.D.N.Y.1992)).

RFAs 16 and 22-24 all ask Defendants to admit the truth of certain generalized information. RFA 16 asks Defendants to admit "[t]hat generally recognized perception/reaction time for the average person to respond to an order or other stimulus is 1.5 seconds . . ." (Pl. Exhibit [69-2] at 7). RFAs 22-24 are a tandem. RFA 22 asks Defendants to admit "[i]n 2017 approximately 273,852 Iowans held open/conceal carry permits[,]" and includes a link to a non-government website as the source of the information. (*Id.* at 9). RFA 23 then asks Defendants to admit "[i]n 2017 the population of the State of Iowa was approximately 3.146 million people[,]" and includes a link to a government website as the source. (*Id.*) Based on the foregoing, RFA 24 asks Defendants to admit "[a]t the time Defendant Chiprez shot and killed Jones roughly one out of every dozen Iowans were licensed to open/conceal carry a gun." (*Id.* at 10).

The Court finds Defendants' answers to the effect that they could not admit or deny these requests due to lack of knowledge about the information contained therein do not require supplementation. Plaintiffs implicitly argue that Defendants were required to scour the internet to "come up with some different numbers," or otherwise admit the truth of the information presented by Plaintiffs. (Pl. Brief [69-3] at 5). The Court disagrees. Plaintiffs are not asking about any factual matters concerning the immediate details of this case that are or should be within the knowledge

of Defendants. Rather, Plaintiffs are asking about the truth of generalized statistics that they intend to use as evidence that Chiprez acted unreasonably. Defendants are not required to admit the truth of statistics that they themselves do not compile, nor does a "reasonable inquiry" demand that Defendants undertake a research project to determine the truth of the data Plaintiffs are relying on. This is especially true where the key statistic Plaintiffs are relying on is sourced from "www.gunstocarry.com."

Finally, RFA 20 asks Defendants to admit that the "[p]roduction, display, or brandishing of a gun alone is not sufficient grounds for anyone to respond by using deadly force." (Pl. Exhibit [69-2] at 8). Defendants answered by indicating that they could not admit or deny the request due to lack of knowledge and information "because this is an incomplete hypothetical lacking sufficient information and detail of the totality of the circumstances necessary to evaluate" the request. (*Id.*). Plaintiffs respond by suggesting that Defendants "should take a look at [Iowa Code § 704.2(2)], as part of the required reasonable inquiry." (Pl. Brief [69-3] at 5).

RFA 20 plainly asks Defendants to admit a legal conclusion that is broad in scope and goes well beyond the factual issues in this specific case. Rule 36 permits requests to admit relating to "the application of law to fact[.]" FED. R. CIV. P. 36(a)(1)(A). For example, it is permissible to "seek an admission that an employee acted in the scope of his employment[.]" FED. R. CIV. P. 36 advisory committee notes. On the other hand, Rule 36 explicitly "does not authorize requests for admissions of law unrelated to the facts of the case." *Id.* While the distinction is not always crystal-clear in practice, "[r]equests that deal with applications of the law to facts that, though they are related to the given case are asked in a way that applies beyond it are likely impermissible, whereas requests that apply the legal conclusions to the discrete facts of the given case are more likely

permissible." *United States ex rel. Bibby v. Mortg. Inv'rs Corp.*, 323 F.R.D. 424, 429 (N.D. Ga. 2017) (omitting internal citations).

The Court finds that Defendants' answer to RFA 20 does not require supplementation. For one thing, RFA 20 seeks nothing more than a pure conclusion of law unrelated to the facts of the case. Plaintiffs have simply asked Defendants to admit a hyper-generalized statement of law: that producing or brandishing a firearm would never warrant the use of deadly force. RFA 20 is devoid of any of the "discrete facts" of the case and is asked in such a way that it applies far beyond the facts of the case. RFA 20 is thus not a proper request for admission under Rule 36.

Defendants also have answered RFA 20.[1] Defendants indicated that they lacked sufficient knowledge or information to be able to admit or deny the request because it lacked contextual information necessary to evaluate the truth of the matter, such as *how* the hypothetical weapon was brandished. (Pl. Exhibit [69-2] at 8); (Def. Response [73-1] at 6). In so doing, Defendants further noted that constitutionally-permissible uses of deadly force require a fact-intensive inquiry of the totality of the circumstances. *See* (Pl. Exhibit [69-2] at 8); (Def. Response [73-1] at 6). Defendants then denied RFA 20. (Pl. Exhibit [69-2] at 9). Defendants have thus "fairly respond[ed] to the substance" of RFA 20 by indicating that they disagree with Plaintiffs' assessment of the law, and that brandishing a weapon may warrant the use of deadly force depending on the specific circumstances of the situation. FED. R. CIV. P. 36(a)(4).

---

[1] Defendants' answers to RFAs 16, 20, and 22-24 are all technically deficient because they do not indicate whether Defendants "made reasonable inquiry[.]" FED. R. CIV. P. 36(a)(4). Nevertheless, the Court will not require an amended answer to fix this technical deficiency. Defendants' briefing provides individual explanations for each of these requests, and thus Plaintiffs "ha[ve] been informed of [Defendants'] position on the issues raised." *Kendrick v. Sullivan*, No. CIV. A. 83-3175(CRR), 1992 WL 119125, at *5 (D.D.C. May 15, 1992). "The Court has determined that the general approach taken by [Defendants] in responding to the requests is permissible." *Id.* "Therefore, amendment would serve no useful purpose." *Id.*

## IV. CONCLUSION

The Court **denies** Plaintiffs Motion as it pertains to the sufficiency of Defendants' responses to the requests for admissions. The Court **finds as moot** Plaintiffs' Motion as it concerns the request for production.

**IT IS SO ORDERED.**

Dated July 22, 2020.

Helen C. Adams
Chief U.S. Magistrate Judge