IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| ALTOVESE WILLIAMS, individually, and as Administrator of the Estate of Marquis Jones, and as next of Friend for Minors B.B.D., M.R.J., Jr., D.K.J., M.R.J. III, and M.R.H.,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF BURLINGTON and CHRIS CHIPREZ,<br><br>Defendants. | Civil No. 3:19-cv-43<br><br><br><br>**DEFENDANT'S BRIEF IN SUPPORT OF ITS RESISTANCE TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

**COMES NOW** Defendant, City of Burlington, by and through its attorneys, Betty, Neuman & McMahon, P.L.C., and pursuant to Federal Rule of Civil Procedure 56 and Southern District of Iowa Local Rule 56, sets for the following Brief in Support of its Resistance to Plaintiffs' Motion for Partial Summary Judgment:

**I. PLAINTIFFS HAVE FAILED TO PLEAD OR PROVE A COGNIZABLE FOURTH AMENDMENT SEARCH/SEIZURE CLAIM AGAINST THE CITY OF BURLINGTON.**

Plaintiffs' Second Amended and Substituted Complaint, Count IV, alleges an "improper seizure" claim against the City of Burlington pursuant to the Fourth Amendment of the U.S. Constitution and Article I, Section 8 of the Iowa Constitution. [Docket # 85]. The U.S. Supreme Court has unequivocally held that municipalities are not, as a matter of law, liable under 42 U.S.C. § 1983 for injury inflicted by its employees or agents. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, municipal liability arises, if at all, when there is "execution of a

1

government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury…" *Id*.

Plaintiffs Count IV is devoid of any allegation of injury based upon a custom or policy of the City of Burlington. [Docket #85]. Plaintiffs' Motion for Partial Summary Judgment and briefing is also devoid of any evidence or argument of a custom or policy of the City of Burlington causing the alleged search/seizure or injury. Without any such allegations or evidence, Plaintiffs Fourth Amendment claim fails as a matter of law against the City of Burlington and the Court must deny summary judgment as to Plaintiffs' federal constitution claims.

### II. PLAINTIFFS HAVE FAILED TO PLEAD OR PROVE A STATE CONSTITUTIONAL CLAIM AGAINST THE CITY OF BURLINGTON.

Unlike the Fourth Amendment, the Iowa Supreme Court has recognized that the theory of *respondeat superior* liability may apply under the Iowa Constitution to municipalities for conduct performed by its employees acting within the scope of their employment duties. *See e.g. Baldwin v. City of Estherville*, 929 N.W.2d 691 (Iowa 2019). But Plaintiffs' Count IV does not plead or allege any conduct amounting to a search or seizure of the cell phone allegedly performed by a City of Burlington employee in the course of his/her employment duties. [Docket #85].

The only evidence Plaintiffs present in their appendix relating to the cell phone are statements made by employees of the Des Moines County Sheriff's office concerning the location of the phone. (Plaintiff's MSJ App., p. 16-17). Plaintiffs have already conceded deputies and detectives of the Des Moines County Sheriff office are not employees of the City of Burlington. (Deft Resist Appendix 9-10). Because Plaintiffs have not provided any evidence or argument to support any searches or seizures were performed by the City of Burlington or its employees, the Court must also deny summary judgment as to Plaintiffs' state constitution claims.

### III. PLAINTIFFS HAVE FAILED TO PROVE THROUGH UNDISPUTED EVIDENCE DEFENDANT CITY OF BURLINGTON UNREASONABLY SEIZED OR SEARCHED THE CELL PHONE IN VIOLATION WITH FEDERAL OR STATE CONSTITUTIONAL RIGHTS.

#### a. There Is No Evidence The City Of Burlington Seized Or Searched The Cell Phone And Therefore It Cannot Be Liable Under The Federal Or State Constitutions As A Matter Of Law.

Plaintiffs falsely allege the City of Burlington was part of a "joint task force" that seized and attempted to search the contents of the cell phone Jones had on October 1, 2017. [Docket #90-1, p. 17]. A threshold requirement of an unreasonable search or seizure claim under either the federal or state constitution is that there must have been an actual "search" or "seizure" by the defendant. *See State v. Fogg*, 936 N.W.2d 664, 667 (Iowa 2019). There is no evidence to support Plaintiffs' contentions against the City of Burlington; in fact, the evidence refutes those claims.

The October 1, 2017 shooting incident was investigated by the Iowa Division of Criminal Investigations ("IDCI") and the Iowa Attorney General's office, not the City of Burlington. (Plaintiffs' MSJ App., p. 4). Agents of the IDCI and/or Adam Plein, a deputy of the Des Moines County Sheriff's office ("DMCS") and an agent with the Southeast Iowa Narcotics Taskforce ("SEINT"), took physical possession of the cell phone from the scene. (Deft Resist Appendix 12-13; 18). The only reasonable inference that can be made from the evidence is that the cell phone was seized by either IDCI, DMCS, and/or SEINT. But no reasonable inference can be made that the City of Burlington seized the cell phone.

Agents of the IDCI applied for a search warrant to attempt to search the contents of the phone, and took possession of the phone to attempt a search. (Deft Resist Appendix 13; 19-27). There is no evidence that anyone from the City of Burlington applied for a search warrant or attempted to search the phone at any point in time.

Since Plaintiffs cannot prove the City of Burlington seized or searched the cell phone, the Court must deny Plaintiffs' Motion for Partial Summary Judgment as to these claims/allegations. The Court further should find as a matter of law Defendants are entitled to summary judgment with respect to these claims, as argued in Defendants' Motion for Summary Judgment and which are hereby adopted and incorporated by reference by Defendants as if fully set forth herein.

    **b. The Fourth Amendment Of The U.S. Constitution And Article I, Section 8 Of The Iowa Constitution Further Do Not Allow For A Separate Cause Of Action For An Alleged Unreasonable Return Of Seized Property.**

Plaintiffs' primary argument in their briefing is that the City of Burlington is liable under the federal and state constitutions for failing to return the cell phone. [Docket #90-1, pp. 19-20]. Although this purported cause of action does not appear to be directly addressed by the Eighth Circuit Court of Appeals, other circuits have determined that the Fourth Amendment's protects against a seizure and ceases to apply when the property is seized. Therefore, the Fourth Amendment does not allow for a separate or additional cause of action based upon an alleged unreasonable return of property that was seized.

In *Fox v. Van Oosterum*, the Sixth circuit Court of Appeals held that the "meaningful interference with possessory interests" definition of seizures "protects an individual's interest in retaining possession of property *but not the interest in regaining possession of property*." (emphasis added) 176 F.3d 342, 351 (6th Cir. 1999). "**Once that act of taking the property is complete, the seizure has ended and the Fourth Amendment no longer applies**." (emphasis added) *Id*. The *Fox* court's reasoning has since been approved by the First, Second and Seventh Circuit Courts of Appeal. *See Lee v. City of Chicago*, 330 F.3d 456, 466 (7th Cir. 2003) (holding the Fourth Amendment "cannot be invoked by the dispossessed owner to regain his property" after the seizure is complete); *Shaul v. Cherry Valley-Springfield Cent. Sch. Dist.*, 363 F.3d 177, 187

(2nd Cir. 2004) (holding "…defendants' failure to return [seized] items does not, by itself, state a separate Fourth Amendment claim of unreasonable seizure."); *Denault v. Ahern*, 857 F.3d 76, 83 (1st Dist. 2017).

A number of federal district courts, including one within the Eighth Circuit, have also embraced and approved the same reasoning set out in *Fox*. *See e.g. Hopkins v. City of Bloomington*, 2013 U.S. Dist. LEXIS 137392, at *31 – 34 (D. Minn. 2013) (holding plaintiff's claim the city prolonged detention of a vehicle "does not raise a cognizable Fourth Amendment claim" and dismissing the claim); *Ransom v. Albuquerque Police Dep't*, 2001 U.S. Dist. LEXIS 28220, at *2 (D. N.M. 2001) (granting summary judgment on plaintiff's claim the retention of her property violated the Fourth Amendment); *Reliford v. Craig*, 2017 U.S. Dist. LEXIS 204932, at *14 (S.D. Tex. 2017) ("To the extent Plaintiff is claiming that the delay in returning his property was unreasonable under the Fourth Amendment, he has failed to allege violation of a constitutional right."); *Krueger v. City of Eastpointe*, 452 F. Supp. 3d. 679, 686 (E.D. Mich. 2020) ("Thus, while an individual may challenge the legality of the initial seizure of property, she may not recast the holding of property as a continued or recurring seizure.").

This Court should approve and adopt the same line of reasoning as in *Fox* and numerous sister courts, and hold that there is no separate cognizable claim under the Fourth Amendment for an alleged failure to return seized property. Therefore, Plaintiffs have failed to sustain their burden of proof for the alleged failure to return property claim and summary judgment must be denied. The Court should further find, as argued in Defendants' Motion for Summary Judgment, that Defendants are entitled to summary judgment as a matter of law regarding Count IV of Plaintiffs' Second Amended and Substituted Complaint.

The Iowa courts do not appear to have addressed, under the state constitution, whether an alleged unreasonable refusal to return seized property is actionable. But, because the seizure provision in Article I, Section 8 is virtually identical to the language in the Fourth Amendment, the Iowa courts tend to analyze state constitutional claims by utilizing the federal framework. Plaintiffs have not argued for, or presented any authorities in support of, a different analytical framework under the Iowa Constitution. Therefore, the Court's analysis should be the same under both constitutions and this Court should deny summary judgment as to Plaintiffs' state constitutional claims for the same reasons under the federal constitution. *See State v. Baker*, 925 N.W.2d 602, 610 (Iowa 2019) (Iowa Supreme Court applied federal framework of Fourth Amendment claims when the moving party did not "advance a distinct analytical framework" for his state constitutional claims).

   c. **The City Of Burlington's Responses To Plaintiffs' Requests For The Cell Phone Were Not Unreasonable Under The Particular Facts And Circumstances, And Therefore Not Actionable Under The Federal Or State Constitutions.**

The underpinning of both the Fourth Amendment and Article I, Section 8 is that the search and seizure provisions apply to "unreasonable" conduct. *See* U.S. Const., 4th Amend.; Iowa Const., Art. I, Sec. 8. When Plaintiffs actually made a request to the City of Burlington regarding the phone, it responded in a reasonable fashion. (Plaintiffs' MSJ App., pp. 18-20). The City of Burlington was not the investigating agency for the shooting incident nor did it seize cell phone as evidence from the scene of the shooting. The shooting incident was investigated by IDCI and the Iowa Attorney General's office. (Plaintiffs' MSJ App., p. 4). The cell phone was seized at the scene by IDCI as evidence in its investigation. (Deft Resist App. 12-13; 18).

It was reasonable for the City of Burlington (a non-seizing agency) to communicate with the seizing agency (Iowa Division of Criminal Investigations, and its attorneys—the Iowa Attorney

General's office) before transferring the cell phone to Plaintiffs. Moreover, as Plaintiffs' counsel admits the cell phone was ultimately returned to Plaintiffs *on the date they requested*. (Plaintiffs' MSJ App., p. 15, ¶13). The Court should find it is not unreasonable as a matter of law for the City of Burlington to provide Plaintiffs with the cell phone on the date they requested, and that such conduct does not run afoul of either the federal or state constitutions. Therefore, the Court must deny Plaintiffs' Motion for Partial Summary Judgment.

IV. **PLAINTIFFS HAVE FAILED TO PROVE THROUGH UNDISPUTED, MATERIAL EVIDENCE DEFENDANT CITY OF BURLINGTON VIOLATED THE IOWA OPEN RECORDS ACT OR THE IOWA CONSTITUTION.**

   a. **Defendant City Of Burlington Provided Plaintiffs With Information As To The Immediate Facts And Circumstances Of The October 1, 2017 Shooting In Compliance With Iowa Code § 22.7(5).**

The prefatory language of Iowa Code § 22.7(5) provides peace officer investigative reports "shall be kept confidential" and therefore do not need to be released upon request. Iowa Code § 22.7(5) further provides that "the date, time, specific location, and immediate facts and circumstances surrounding a crime or incident shall not be kept confidential under [Iowa Code § 22.7(5)]…" Plaintiffs erroneously interpret these two provisions to mean that a peace officers' investigative report loses confidential status if the record contains any of the immediate facts and circumstances information described in Iowa Code § 22.7(5). This would render the statute contradictory and superfluous. It is difficult to imagine a situation where a peace officer's investigative report regarding a crime or incident wouldn't touch upon either the date, time, location, or facts and circumstances surrounding the crime or incident.

If the legislature had intended peace officer investigative reports lose confidential status at some point in time, it would have provided as such. In fact, the legislature did so with e-mails and telephone records which lose all confidential status once a pending investigation has ceased or the

statute of limitations for criminal charges expires. *See* Iowa Code § 22.7(5). Instead, as to peace officer investigative reports, the legislature crafted a statute that keeps the confidential status of investigative reports but also requires governmental entities to release information about a crime or incident that has occurred (except in unusual instances where the disclosure could "jeopardize an investigation or pose a clear and present danger to the safety of an individual."). *See id*. The Iowa Supreme Court recently reaffirmed that peace officer investigative reports retain confidential status, regardless of whether an investigation is ongoing or closed. *See Mitchell v. City of Cedar Rapids*, 926 N.W.2d 222, 232 (Iowa 2019) ("We hold that police investigative reports do not lose their confidential status under section 22.7(5) when the investigation closes.")

Iowa Code § 22.7(5) does not provide how, or in what form, a government agency must release the immediate facts and circumstances information. It merely provides that such information must be released. At least one Iowa court has further held Iowa Code Chapter 22 requires only "substantial compliance" rather than "absolute compliance" from government agencies. *See Wings v. Dunlap*, 527 N.W.2d 407, 410 (Iowa Ct. App. 1994). The City of Burlington complied, or alternatively substantially complied, with Iowa Code Chapter 22 by providing a detailed letter of the investigation performed by the Iowa Attorney General's office and offering to provide video recordings of the incident to Plaintiffs. (Plaintiffs' MSJ App., pp. 2-10). There is no reasonable dispute that the videos of the shooting, as well as the Iowa Attorney General's letter, set forth the date, time, specific location, and immediate facts and circumstances of the shooting incident.

The crux of Plaintiffs' argument is that *all* information relating to the incident should have been released to them. But this is contrary to the plain language Iowa Code § 22.7(5), which requires only the *immediate* facts and circumstances, rather than *all* facts and circumstances, to be

released. The legislature's use of the phrase "immediate" can only be interpreted as limiting the extent of information to be released and necessarily means something less than "all" information relating to a crime or incident. The Iowa legislature could and would have provided in the statute that "all" information related to an incident must be released if it had intended that to be the purpose of the statute. The Iowa courts also have never held or interpreted Iowa Code § 22.7(5) to require production of all peace officer investigative reports relating to a crime or incident.

Plaintiffs further argue that the City of Burlington should have conducted a balancing test of public interests set forth by the Iowa courts. While a balancing test examining the nature of competing public interests has been used by the Iowa courts to determine whether certain records should be released, the courts have not held such a test should be performed by a government agency. It seems counterintuitive that a government entity, as opposed to an independent party (such as the Iowa courts or the Iowa Public Information Board), would be responsible for weighing competing public interests over government records.

Even if such a test must be performed by a government agency, the City of Burlington attempted to do so in this case. The City's attorney requested Plaintiffs to set forth the public interests they claim would be furthered by release of the records so that the City could analyze/weigh those against public interests that would suffer by disclosure. (Plaintiffs' MSJ App., pp. 11-12). Plaintiffs did not provide any such information to the City of Burlington.

Since Plaintiffs have failed to show the City of Burlington violated Iowa Code Chapter 22, the Court must deny Plaintiffs' Motion for Partial Summary Judgment. The Court further should find, as argued in Defendants' Motion for Summary Judgment, the City of Burlington is entitled to judgment as a matter of law and dismissal of Plaintiffs' Count VII of their Second Amended and Substituted Complaint.

### b. Plaintiffs Fail To Provide Any Authority Supporting A Constitutional Right To Government Records Or A Violation Thereof.

Plaintiffs argue Article I, Section 2 of the Iowa Constitution has been violated but fail to provide any authority that this provision pertains to a right of access to government records. The plain language of the constitutional provision is devoid of any discussion as to government records or a citizen's right of access to such records. *See* Iowa Const., Art. I, Sec. 2. Plaintiffs have not provided any historical information supporting the framers of the Iowa constitution discussed, contemplated or intended this provision to give a private right of access to government records.

The plain language of the constitutional provision further provides only a right for citizens to alter or reform their government. Plaintiffs argue their right to alter or reform government has been impeded but fail to articulate or provide evidence as to *how* it has been impeded. In example, Plaintiffs do not provide any evidence of how they have attempted to alter or reform their government but have been prevented from doing so without having these records.

Since Plaintiffs have failed to show a right or cause of action exists under Article I, Section 2 of the Iowa Constitution for access to government records, and further have failed to show any violation of the right to alter or reform the Iowa government, the Court must deny Plaintiffs' Motion for Partial Summary Judgment. Furthermore, for the reasons set forth in Defendants' Motion for Summary Judgment, the Court should find Defendants are entitled to summary judgment and dismissal of Plaintiffs' Count VII of their Second Amended and Substituted Complaint.

**WHEREFORE** Defendant, the City of Burlington, respectfully requests the Court DENY Plaintiffs' Motion for Partial Summary Judgment for the reasons set forth herein, and for such other and further relief the Court deems equitable and just.

BETTY, NEUMAN & McMAHON, P.L.C.

By: */s/ Martha L. Shaff*
    Martha L. Shaff    #AT0007215

By: */s/ Brandon W. Lobberecht*
    Brandon W. Lobberecht#AT0011918

1900 East 54th Street
Davenport, IA 52807-2708
T: 563-326-4491
F: 563-326-4498
E: mls@bettylawfirm.com
   bwl@bettylawfirm.com
**ATTORNEYS FOR DEFENDANTS, CITY OF BURLINGTON and CHRIS CHIPREZ**

**CERTIFICATE OF SERVICE FOR ELECTRONIC FILINGS**

I hereby certify that on <u>November 18, 2020</u>, I electronically filed the foregoing document with the Clerk of Court using the ECF system and a true copy of the foregoing was served by the ECF system upon the following:

David A. O'Brien
Dave O'Brien Law
1500 Center Street NE
Cedar Rapids, IA 52402
T: 319-861-3001
F: 319-861-3007
E: dave@daveobrienlaw.com

Andrew L. Mahoney
Crowley & Prill
3012 Division Street
Burlington, IA 52601
T: 319-753-1330
F: 319-752-3934
E: amahoney@cbp-lawyers.com

**ATTORNEYS FOR PLAINTIFF**

                                            *Martha L. Shaff*