IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| ALTOVESE WILLIAMS, individually, and as Administrator of the Estate of Marquis Jones, and as next of Friend for Minors B.B.D., M.R.J., JR., D.K.J., M.R.J., III, and M.R.H.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF BURLINGTON and CHRIS CHIPREZ,<br><br>Defendants. | Case No. 3:19-CV-00043<br><br>**PLAINTIFFS' REPLY TO DEFENDANT'S RESISTANCE TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br>**(Doc. 108)** |

COMES NOW the Plaintiffs, Altovese Williams, individually, and as Administrator of the Estate of Marquis Jones, and as Next of Friend of Minors B.B.D., M.R.J., JR., D.J.K., M.R.J., III, and M.R.H., and submits their Reply to Defendant City of Burlington's Resistance to Plaintiff's Motion for Partial Summary Judgment (Doc.108):

**TABLE OF CONTENTS**

INTRODUCTION………………………………………………………………… 2

I. THE CITY OF BURLINGTON'S RESPONSES TO PLAINTIFFS' OPEN RECORDS REQUEST REVEAL THE UNTENABLE NATURE OF THEIR POSITION…………………………………………………… 3

    A. Defendant City of Burlington Cannot Possibly be Construed to Have Provided Plaintiffs with the Appropriate Information Under the Open Records Act…………………………………….. 3

    B. Plaintiffs Have Properly Provided Authority Supporting a Constitutional Right to Government Records and a Violation of Access to said Records……………………………………………. 5

II. PLAINTIFFS HAVE PLED A COGNIZABLE FOURTH AMENDMENT AND STATE CONSTITUTIONAL

1

**SEARCH/SEIZURE CLAIM AGAINST THE CITY OF
BURLINGTON AND PROVIDED INDISPUTABLE EVIDENCE**……...    6

    A. Plaintiffs Have Properly Pled Illegal Search and Seizure Claims
       Under the Fourth Amendment and State Constitutional Claims...    6

    B. Plaintiffs Have Provided Evidence of Custom Under *Monell*…….    7

    C. The City of Burlington Participated in the Search and Seizure of
       the Cell Phone…………………………………………………..    8

    D. The City's Responses to Plaintiffs' Requests for the Cell Phone
       Were Unreasonable…………………………………………….    9

**CONCLUSION**……………………………………………………    10

## INTRODUCTION

The importance of the court's ruling on this motion regarding the enforcement of Iowa's open records law cannot be overstated. The Iowa Supreme Court has repeatedly rejected blanket arguments from government agencies that police records may be kept confidential without reviewing the factors required to be met by applicable case law. *State ex rel. Shanahan v. Iowa District Court*, 356 N.W.2d 523, 528 (Iowa 1984); *Hawk Eye v. Jackson*, 521 N.W.2d 750, 752-53 (Iowa 1994); and *Mitchell v. City of Cedar Rapids*, 926 N.W.2d 222 (Iowa 2019). This court and other federal courts have repeatedly followed Iowa law and forced government agencies to release police records containing "the date, time, specific location, and immediate facts and circumstances surrounding a crime or incident, unless the material includes personal identifiers, the identity of confidential witnesses or slanderous statements. See Order issued on June 17, 2020, Granting In Part and Denying In Part Plaintiffs' Challenge to Defendants' Confidentiality Designation, Doc. 71; Order on Plaintiffs' Objections to Magistrate Judge's Order Denying Plaintiffs' Challenge to Defendants' Confidentiality Designation. Doc. 82, filed October 5, 2020;

and *Steele v. Burlington*, U.S. District Court, Northern District of Iowa, 3:16-cv-00105-JEG-SBJ, Doc. 95, filed August 14, 2018.

Some government agencies in the state of Iowa have gotten the message and dropped claims of police report confidentiality by settling such claims and even paying substantial damages. See *Evans et al v. Polk County et al*, Iowa District Court for Polk County, Case No. CVCV 058232, Consent Order and Judgment, August 27, 2020. (Polk County Iowa paying $100,000 in damages for wrongfully asserting such claims.). Other government agencies, like Burlington in this case, continue to flagrantly violate the law and that is why an order unequivocally confirming the law in this case is so important. It will serve as a basis for sanctions against any Iowa governmental agency that refuses comply with the law in the future.

### I. THE CITY OF BURLINGTON'S RESPONSES TO PLAINTIFFS' OPEN RECORDS REQUEST REVEAL THE UNTENABLE NATURE OF THEIR POSITION

#### A. Defendant City of Burlington cannot possibly be construed to have provided Plaintiffs' with the appropriate information under the Open Records Act

Defendants' argument about their alleged compliance with the Open Records Act is a drawn-out way of saying that that Iowa Code § 22.7(5) is completely within their subjective discretion as to what should be disclosed. According to the City of Burlington ("the City", despite Iowa Code § 22.7(5) being enacted, it is up to the City to determine: (1) what should be released; (2) in what form any information should be released; and (3) it is not up to the City to actually use any sort of objective balancing tests in determining what should be released. Assuming that the City's interpretation of the law is correct then it would have been pointless for the legislature to enact Iowa Code § 22.7(5) at all. Municipalities around Iowa could simply as the City has here, which is to release all exculpatory information and refuse to release any inculpatory information.

3

The City keeps parroting the same line from *Mitchell v. City of Cedar Rapids*, 926 N.W.2d 222, 225 (Iowa 2019) that states that police investigative reports do not lose their confidential status when the investigation closes. The City has not included the following sentence in *Mitchell*, which states -

> But section 22.7(5) includes an exemption from confidentiality for basic facts about the incident, subject to a legislatively prescribed balancing test.

*Mitchell*, 926 N.W.2d at 225. This is the balancing test that Plaintiffs discussed in their Brief in Support of Partial Motion for Summary Judgment. (Doc.90-1, p. 11-15). What is most egregious about the City's behavior is the attempt to sweep every other type of relevant document, video, audio recording, etc. into the category of "investigative" reports. (Pls. MSJ App. p. 1-3, 11-12). Even assuming the City's overbroad reading of *Mitchell* is correct, the City still violated the open records request by refusing to produce additional body camera and cruiser audio and video, non-investigative reports, interviews, and more.

*Mitchell* prescribed a "legislatively prescribed balancing test" to determine whether confidential information to be released. *Id.* The City counters and states it is "counterintuitive" for a government agency to use a balancing test for determining what should be released. This is the City saying the quiet part out loud. The City asks how could they, as a government body, possibly be expected to use an objective methodology for choosing what information is confidential? Instead the City believes it should have unchecked subjective discretion in releasing this information. If the legislature intended that a municipality have complete subjective discretion over what should be released, it would not have enacted Iowa Code § 22.7(5) in the first place and would not have prescribed a balancing test. The statute and applicable caselaw is clear that the immediate facts and circumstances surrounding an incident are not confidential unless the material includes personal identifiers, the identity of confidential witnesses or slanderous material. *Id.* That

gives the City discretion to claim confidentiality if one of those exceptions is met, but that is not what the City has done in this case. The City continues to wrongfully assert blanket confidentiality for any inculpatory material.

Contrary to their argument, the City did *not* attempt the <u>*required*</u> balancing test to weigh the application of one of the exceptions to a particular item of evidence. In the first letter the City's counsel sent on October 1, 2018, the City simply denied the request. (Pls MSJ App. p. 2). In the second letter by the City's counsel dated April 16, 2019, the City requests that Plaintiffs provide them with compelling public interests to balance against public interests that would be affected by disclosure. (Pls. MSJ App. p. 11-12). However, the balancing test has three prongs: "(1) a public officer is being examined, (2) the communication was made in official confidence, and (3) the public interest would suffer by disclosure." *Id.* at 527. Plaintiffs have conceded the first prong. The City skips straight past the second prong as they cannot possibly satisfy it. The investigative reports, additional audio recordings, and video recordings of the incident were not made in official confidence. None of the police reports or other records that were withheld were made in official confidence. The reason additional evidence was withheld was because it was inculpatory and that is not a valid reason under the *Mitchell* case.

### B. Plaintiffs Have Properly Provided Authority Supporting a Constitutional Right to Government Records and a Violation of Access to said Records.

The City argues that because the plain language of Iowa's Constitution does not expressly carve out a right of the people to government records then the City's refusal to disclose records is not a proper cause of action under the constitution. Not only is this incorrect, but in combination with the City's position about the Open Records Act (it is completely discretionary in what to release), it is a chilling revelation as to how the City views its citizens. The City believes that it should be held accountable only when it subjectively determines it should be held accountable,

regardless of what Iowa's Constitution says. The City thinks the government came first and the citizens followed, which allows the city to determine what scraps of information it deems acceptable for the citizens to know. The Iowa Constitution makes it absolutely clear that government has no function whatsoever except those allowed by the citizens. See Section I, Article II, of the Iowa Constitution, "all political power is inherent in the people. Government is instituted for the protection, security and benefit of the people and they have the right, at all times, to alter or reform the same, whenever the public good may require it."

## II. PLAINTIFFS HAVE PLED A COGNIZABLE FOURTH AMENDMENT AND STATE CONSTITUTIONAL SEARCH/SEIZURE CLAIM AGAINST THE CITY OF BURLINGTON AND PROVIDED INDISPUTABLE EVIDENCE

### A. Plaintiffs Have Properly Pled Illegal Search and Seizure Claims Under the Fourth Amendment and State Constitutional Claims

Defendants also seem to imply that Plaintiffs are subjected to a "fact pleading" or a "heightened pleading" under Fed. R. Civ. P. 9 requirement for these 1983 claims against the City. However, 1983 claims against municipalities are governed by federal notice pleading standards under Fed. R. Civ. P. 8(a)(2), requiring a "short and plain statement of the claim showing that the pleader is entitled to relief. *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168, 113 S. Ct. 1160, 1163, 122 L. Ed. 2d 517 (1993). Claims against municipalities for state constitutional claims would fall under Fed. R. Civ. P. 8(a)(2) as well.

Plaintiffs have pled the illegal seizure, attempted search, and withholding of the cell phone. (Doc.85, ¶¶96-101). Plaintiffs' have clearly and specifically pled that the City of Burlington both: (1) attempted to open and retrieve information from the cell phone improperly (Doc.85, ¶99); and (2) withheld the cell phone improperly. (Doc.85, ¶101). These are in addition to the other paragraphs set forth within Count IV (Doc.85, ¶¶96-101) and the paragraphs incorporated into

Count IV ((Doc.85, ¶¶1-95). Plaintiffs have also pled that the City repeatedly refused requests to return the phone to its rightful owners. (Doc.85, ¶97). These give notice to Defendants about the requirements of custom or policy under *Monell* as seen below.

### B. Plaintiffs Have Provided Evidence of Custom Under *Monell*

The City is clearly mistaken in their analysis of *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). *Monell* held that "a municipality cannot be held *solely* because it employs a tortfeasor…" *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). *Monell* held that acts that may fairly be said to represent official policy inflicts the injury, the municipality is responsible under §1983. *Id. at 694-95*. *Monell* explicitly held that a policy does not have to be expressly written down, but that a custom is actionable. *Id.* The City's repeated violations after a request *is the policy or custom*. An illegal seizure followed by a repeated refusal to return the seized property represents a pattern or a custom affirming the illegal conduct. A repeated action is a custom and a custom is actionable under Section 1983. *Id.* This custom was confirmed by their legal counsel in correspondence as well. (Pls. Statement of Facts ¶13-21, Pls. MSJ App. p. 20)

The timeline of events shows the same reaction by agents of the City:
- March 15, 2019, Ms. Katie C. Meeker of the Des Moines County Sheriff's department reported that the phone was in the possession of Burlington Police Department, who was holding onto the phone "incase [sic] of a civil lawsuit" on advice by the Des Moines County Attorney's Office. Pls. MSJ App. p. 18.
- March 22, 2019, Plaintiffs sent a letter to Chief Kramer and Records Supervisor Eland requesting the phone. Pls. MSJ App. p. 20.
- March 25, 2019, counsel for the City of Burlington denied Plaintiffs' request, relying on advice from DCI and the Iowa Attorney General. Pls. MSJ App. p. 22.
- On March 25, 2019, Plaintiffs' counsel sent City of Burlington's counsel a request disputing the clearly unreasonable position of the City of Burlington. Pls. Statement of Facts, ¶18).
- On March 25, 2019, Plaintiffs' again disputed the City of Burlington's position by email. Pls. Statement of Facts, ¶18.
- On March 26, 2019, the City of Burlington's counsel retracted the City's unlawful position and released the phone. Statement of Facts, ¶20

7

A similar reaction by every representative of the City to an illegal seizure shows custom or policy. Defendants cite *Fox v. Van Oosterum*, 176 F.3d 342, 351 (6th Cir. 1999), which in addition to being non-controlling, led to cases that contradict the City's argument. The 6th Circuit examined *Fox* in *Farm Labor Org. Comm. v. Ohio State Highway Patrol*, 308 F.3d 523, 548 (6th Cir. 2002). The 6th Circuit found that the plaintiffs in the instant case made a showing that the initial seizure of property was constitutionally defective because it exceeded the permissible scope of investigative detentions based upon less than probably cause. *Id*. As such, the continued retention of the property by the authorities and their refusal to return the property could be considered an unlawful seizure. *Farm Labor* also stated that they agreed that a seizure doesn't end "at the instant that physical control is initially established, no matter how long a government official retains control of the suspect thereafter." *Id*. *Farm Labor* also reviewed the concept of an investigative detentions of personal property under *United States v. Place*, 462 U.S. 696, 700–01, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983), which held that courts should look to the duration of investigative detentions of personal property to determine whether such determinations are sufficiently "minimally intrusive" to be permissible based upon reasonable suspicion falling short of probable cause. *Id.*

Any law enforcement agency that seizes property is responsible for the wrongful seizure of the property regardless of where the property is stored. Any law enforcement agency that controls possess of seized property such that it can decide if and when the property will be returned to its rightful owner has "maintained" possession of the property such that it is liable for the act of wrongfully maintaining seized property.

### C. The City of Burlington Participated in the Search and Seizure of the Cell Phone

The City further tries another tactic to distance itself by claiming that the Burlington Police Department ("BPD") was simply a non-actor and had no role in the search and seizure of the cell phone and claims Plaintiffs have not pled this either. Plaintiffs have pled that agents of the City of Burlington participated in the search and seizure of the cell phone. (Doc.83-1, ¶96-101). Additionally, the City was part of a joint task force in the search and seizure. The chronology of the request for the cell phone reveals this. The facts show that Des Moines County Sheriff's Office ("DMCSO"), Southeast Iowa Narcotics Task Force ("SEINT"), and DCI then took possession of the phone from BPD at the time Marquis Jones was seized and the phone was logged into the DMCSO on October 1, 2017. Pls. MSJ App. p. 17. BPD had the phone no later than October 6, 2017, when it was logged in by Deputy Plein of DMCSD and SEINT. BPD's evidence system is shared by SEINT and, based on the reaction when the cell phone was requested, utilized by DCI as well. (Pls. MSJ App. 20)

On October 12, 2017, the investigation into the death of Marquis Jones concluded. (Pls. MSJ App. 4) The warrant was executed and returned on October 19, 2017. (Pls. MSJ App. 25) The search could not have happened without the cooperation and participation of the City of Burlington. After the investigation, the request for the phone was sent to BPD requesting "ceased evidence" and BPD refused to return over ceased evidence for this investigation.

If the City of Burlington was not part of a joint task force or investigation, then it could not have been for it to decide a year and a half later what evidence would be kept and what evidence would be turned over. The cooperation, storage, consultation, and illegal retention of property allegedly used in an investigation is clearly joint action.

### D. The City's Responses to Plaintiffs' Requests for the Cell Phone Were Unreasonable.

9

The City tries stating that its consultation with other departments somehow absolves it of its illegal retention of the cell phone as well. The City of Burlington states that because it consulted with DCI and the Iowa Attorney General's office the refusal to return the cell phone was reasonable. (Def. Brief p. 6-7). Complying with the Fourth Amendment of the U.S. Constitution is not a delegable duty. ("A municipality 'can . . . delegate its right to perform certain acts and duties necessary to transact and carry out its powers. These delegable acts typically involve functions that require little judgment or discretion.'" *Hughes v. City of Cedar Rapids*, 840 F.3d 987, 997 (8th Cir. 2016), citing *Warren Cty. Bd. of Health v. Warren Cty. Bd. of Supervisors*, 654 N.W.2d 910, 913-14 (Iowa 2002). It does not matter who the City of Burlington consulted with prior to making their decision to unlawfully retain the cell phone, the City violated the law. Even if the City did directly and illegally seize the cell phone in October 2017, by accepting responsibility for the cell phone and refusing to return it when the City knew it had no legal basis to keep it, the City violated the Fourth Amendment.

## CONCLUSION

For all the reasons stated above, Plaintiffs' Motion for Partial Summary Judgment on Liability should be granted.

Respectfully submitted,

By: */s/ Andrew L. Mahoney*
Andrew L. Mahoney AT0012329
Steven J. Crowley AT0001845
Edward J. Prill AT0012435
CROWLEY & PRILL
3012 Division Street
Burlington, IA 52601
T: (319) 753-1330
F: (319) 752-3934

>       amahoney@cbp-lawyers.com
>       scrowley@cbp-lawyers.com
>       eprill@cbp-lawyers.com
>       ATTORNEYS FOR PLAINTIFF

AND

>       David A. O'Brien_____
>       DAVID A. O'BRIEN, AT0005870
>       **DAVE O'BRIEN LAW**
>       1500 Center Street NE
>       Cedar Rapids, Iowa 52402
>       Telephone:  (319) 861-3001
>       Facsimile:   (319) 861-3007
>       E-mail: dave@daveobrienlaw.com

**ATTORNEYS FOR PLAINTIFFS**