IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| ALTOVESE WILLIAMS, individually, and as Administrator of the Estate of Marquis Jones, and as next of Friend for Minors B.B.D., M.R.J., Jr., D.K.J., M.R.J. III, and M.R.H., <br><br>　　　　　Plaintiffs, <br><br>　vs. <br><br>CITY OF BURLINGTON and CHRIS CHIPREZ, <br><br>　　　　　Defendants. | Civil No. 3:19-cv-43 <br><br><br><br>**DEFENDANTS' MOTION TO STAY LITIGATION AND TRIAL PENDING APPEAL** |

**COME NOW** Defendants, City of Burlington and Officer Christopher Chiprez, by and through their attorneys, Betty, Neuman & McMahon, P.L.C., and respectfully request the Court, pursuant to Federal Rules of Appellate Procedure 8, enter an Order staying litigation in this matter pending the resolution of the Defendants' appeal to the United States Court of Appeals for the Eighth Circuit. In support of said motion, the Defendants state:

**STATEMENT OF RELEVANT FACTS**

1.　Plaintiffs filed the above-captioned lawsuit on May 30, 2019. [Docket #1].

2.　This matter arises from an officer involved fatal shooting between Defendant Officer Christopher Chiprez ("Officer Chiprez") and decedent, Marquis Jones ("Jones") on October 1, 2017 in Burlington, Iowa.

3.　Plaintiffs sought and were granted leave to file a Second Amended and Substituted Complaint in this matter. [Docket #85]. The Second Amended Complaint contained the following counts at issue in the appeal:

1

(a) <u>Count I</u> – Use of Excessive Force in violation of the Fourth Amendment to the U.S. constitution/42 U.S.C. § 1983 and Article I, Section 8 of the Iowa constitution, against Defendants City of Burlington and Officer Chiprez;

(b) <u>Count III</u> – Unreasonable Seizure/Arrest in violation of the Fourth Amendment to the U.S. Constitution/42 U.S.C. § 1983 and Article I, Section 8 of the Iowa Constitution, against Defendants City of Burlington and Officer Chiprez.

4. On October 23, 2020, the Defendants filed a Motion for Summary Judgment. [Docket #92].

5. The Defendants raised qualified immunity as a defense and asserted in the summary judgment motion that it was immune from suit for Counts I and III because of qualified immunity.

6. On January 29, 2021, the Court entered an Order on summary judgment and denied the Defendants' Motion for Summary Judgment under Counts I and III finding "Defendants are not entitled to immunity" for the federal and state constitutional claims. [Order on Motion for Summary Judgment Docket #145, p. 19-21].

7. On February 12, 2021, the Defendants filed their Notice of Appeal from this Court's Order of January 29, 2021. [Notice of Appeal, attached hereto].

8. This matter is currently scheduled to proceed to trial beginning on March 1, 2021.

**LEGAL CONTENTIONS**

I. **THE DISTRICT COURT SHOULD STAY THIS LITIGATION AND TRIAL DURING THE PENDENCY OF THE APPEAL TO THE COURT OF APPEALS**

"Although 28 U.S.C. § 1291 vests the courts of appeals with jurisdiction over appeals only from 'final decisions' of the district courts, 'a decision final' within the meaning of § 1291 does not necessarily mean the last order possible to be made in a case". *Mitchell v. Forsyth,* 472 U.S. 511, 524, 105 S.Ct. 2806, 86 L.Ed. 2d 411 (1985) (citing *Gillespie v. United States Steel Corp.*, 379 U.S. 148, 152 (1964)). "Thus a decision of a district court is appealable if it falls within that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated". *Id.* (citing *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949)).

The federal courts have held that among this small class of immediately reviewable interlocutory orders are denials of qualified immunity. "The conception animating the qualified immunity doctrine. . . is that 'where an official's duties legitimately require action in which clearly established rights are not implicated, the public interest may be better served by action taken with independence and without fear of consequences". *Id.* at 525. (citations omitted). The "consequences" are "not limited to liability for money damages; they also include the general costs of subjecting officials to the risks of trial. . .". *Id.* "The entitlement is an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial". *Id.* at 526. "Accordingly, the reasoning that underlies the immediate appealability of an order denying absolute immunity

indicates. . . that the denial of qualified immunity should be similarly appealable. . .". *Id.* at 527.

> ". . . the trial judge may rule only that if the facts are as asserted by the plaintiff, the defendant is not immune. At trial, the plaintiff may not succeed in proving his version of the facts, and the defendant may thus escape liability. Even so, the court's denial of summary judgment finally and conclusively determined the defendant's claim of right not to *stand trial* on the plaintiff's allegations, and because "[there] are simply no further steps that can be taken in the District Court to avoid the trial the defendant maintains is barred" it is apparent that "*Cohen's* threshold requirement of a fully consummated decision is satisfied" in such a case."

*Id.* (citing *Abney v. United States,* 431 U.S. 651, 659, 97 S. Ct. 2034, 52 L.Ed. 651 (1977)).

Accordingly, "…a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable final decision within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment". *Id.* at 530; *see also Mallak v City of Baxter,* 823 F.3d 441, 445 (8th Cir. 2016) (holding "an order denying qualified immunity can be immediately appealable despite the fact that it is interlocutory").

The best interests of justice maintain that the Court should stay the underlying litigation and trial pending final resolution of Defendants' appeal regarding qualified immunity. Such immunity is effectively lost and destroyed if trial were to proceed before final determination. Moreover, "[a] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously". *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Filing a notice of appeal has been found to be "an event of jurisdictional significance" as it "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal". *Id.*

## **CONCLUSION**

Following the Cross- Motions for Summary Judgment, the sole remaining claims in this matter are whether Officer Chiprez used excessive force toward the decedent and whether the Plaintiffs are entitled to damages, including loss of consortium. The damage issues are inextricably linked with the constitutional and immunity claims at issue in the appeal, and, this case, in its entirety should be stayed pending resolution of this appeal.

**WHEREFORE**, Defendants, City of Burlington and Chris Chiprez, respectfully request the Court GRANT this Motion for Stay, enter an Order staying all further matters, litigation and trial in this Court pending resolution of the appeal, and for such other and further relief the Court deems equitable and just.

BETTY, NEUMAN & McMAHON, P.L.C.

By:  */s/ Martha L. Shaff*
     Martha L. Shaff    #AT0007215

By:  */s/ Amanda M. Richards*
     Amanda M. Richards    #AT0006646

By:  */s/ Brandon W. Lobberecht*
     Brandon W. Lobberecht    #AT0011918

1900 East 54th Street
Davenport, IA 52807-2708
T: 563-326-4491
F: 563-326-4498
E: martha.shaff@bettylawfirm.com
   amanda.richards@bettylawfirm.com
   brandon.lobberecht@bettylawfirm.com

**ATTORNEYS FOR DEFENDANTS, CITY OF BURLINGTON and CHRIS CHIPREZ**


## **CERTIFICATE OF SERVICE FOR ELECTRONIC FILINGS**

I hereby certify that on _____February 12, 2021_____, I electronically filed the foregoing document with the Clerk of Court using the ECF system and a true copy of the foregoing was served electronically upon the following:

| | |
|---|---|
| David A. O'Brien<br>Dave O'Brien Law<br>1500 Center Street NE<br>Cedar Rapids, IA  52402<br>T: 319-861-3001<br>F: 319-861-3007<br>E: dave@daveobrienlaw.com | Andrew L. Mahoney<br>Crowley & Prill<br>3012 Division Street<br>Burlington, IA  52601<br>T: 319-753-1330<br>F: 319-752-3934<br>E: amahoney@cbp-lawyers.com |
| Nicholas Rowley<br>Matt Reilly<br>Trial Lawyers For Justice, P.C.<br>421 W. Water St.<br>Floor 3<br>Decorah, IA 52101<br>T: 563 -382-5071<br>F: 888- 801-3616<br>E: Nick@tl4j.com<br>   matt@tl4j.com | Haytham Faraj<br>Law Offices of Haytham Faraj<br>1935 W. Belmont Avenue<br>Chicago, IL  60657<br>T: 312-635-0800<br>F: 312-896-5185<br>E: haytham@farajlaw.com |

**ATTORNEYS FOR PLAINTIFFS**

                                                   */s/ Martha L Shaff*